UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RHONDEL PARIS,

        Plaintiff,

v.

                                    Case No. 3:19-cv-270-J-34JRK

SERGEANT J. HERRING,
et al.,

        Defendants.

## ORDER

### I. Status

Plaintiff Rhondel Paris, an inmate of the Florida penal system, initiated this action on March 5, 2019, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) with exhibits (Doc. 1-1).[1] In the Complaint, Paris asserts claims pursuant to 42 U.S.C. § 1983 against Defendants Sergeant J. Herring, Nurse V. Johnson, Officer M. Battles, Officer Thompson, and Major Carter. He alleges that Defendants Herring, Battles, and Thompson violated his Eighth Amendment right when they used excessive force against him on July 11, 2018. He asserts that Defendant Carter investigated the assault and approved Defendants' actions. Paris also alleges that Defendant Johnson violated the Health Insurance Portability and Accountability Act (HIPAA) when she used sign language to reveal to Herring that Paris had tested positive for the Human Immunodeficiency Virus (HIV). As relief, Paris requests monetary damages.

---

[1] The Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

The matter is before the Court on Defendant Johnson's Motion to Dismiss (Motion; Doc. 22). The Court advised Paris that granting a motion to dismiss would be an adjudication of the case that could foreclose subsequent litigation on the matter and gave him an opportunity to respond. See Order (Doc. 6). Paris filed a response in opposition to the Motion. See Reply to Johnson's Motion to Dismiss (Response; Doc. 26). Thus, Defendant's Motion is ripe for review.

## II. Plaintiff's Allegations[2]

Paris asserts that he had a medical emergency on July 11, 2018, when he suffered chest pains. See Complaint at 7. According to Paris, when he was receiving medical attention Defendant Herring "insisted on knowing" about Paris's medical condition, and Defendant Johnson "briefly rejected his request." Id. However, he avers that Johnson later used sign language to reveal his HIV-positive status to Herring, Battles, and Thompson. See id. at 5, 7. He asserts that when he "confronted" Johnson about the HIPAA violation, she "accused" him of calling her a b*tch. Id. at 6-7. According to Paris, Herring then grabbed him around the neck with both hands and exclaimed, "I'll kill you[]," as Battles and Thompson joined in the physical assault. Id. at 7.

---

[2] The Complaint is the operative pleading. In considering a motion to dismiss, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the Complaint and may differ from those that ultimately can be proved. Additionally, because this matter is before the Court on a motion to dismiss filed by Defendant Johnson, the Court's recitation of the facts will focus on Paris's allegations as to Johnson.

### III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262 63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"

which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[3] (quoting GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 706).

A court considering a motion to dismiss under Rule 12(b), Federal Rules of Civil Procedure (Rule(s)), is generally limited to the facts contained in the operative complaint and any attached exhibits, including documents referred to in the complaint that are central to the plaintiff's claims. See Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009). Nevertheless, when reviewing a motion to dismiss under Rule 12(b)(6), "a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) (citing Horsley v. Feldt, 304 F.3d

---

[3] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

4

1125, 1135 (11th Cir. 2002)); Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005) (citation omitted).

## IV. Summary of the Arguments

In the Motion, Defendant Johnson asserts that HIPAA does not create a private cause of action for violation of HIPAA's confidentiality provisions, and therefore requests dismissal of Paris's HIPAA claim against her. See Motion at 3-4. Next, Johnson argues that Paris fails to state a plausible Fourteenth Amendment right-to-privacy claim against her. See id. at 4-5. Finally, she maintains that Paris is not entitled to compensatory damages under 42 U.S.C. § 1997e(e) because he has not alleged any physical injury resulting from Defendant's acts and/or omissions. See id. at 5-6. In his Response, Paris contends that he states a plausible right-to-privacy claim against Defendant Johnson. See Response at 2.

## V. Discussion

## A. HIPAA Claim

The Court first addresses Defendant Johnson's request for dismissal of Paris's HIPAA claim against her. See Motion at 3-4. In his Response, Paris asserts that there is a right to privacy under the HIPAA guidelines. See Response at 2. However, the United States Court of Appeals for the Eleventh Circuit has stated:

> HIPAA generally provides for confidentiality of medical records and governs the use and disclosure of protected health information by covered entities that have access to that information and that conduct certain electronic health care transactions. See 45 C.F.R. § 164.502. It provides both civil and criminal penalties for improper disclosures of medical information and limits enforcement of the statute to the Secretary of Health and Human Services. 42 U.S.C. §§ 1320d–5(a)(1), 1320d–6. "[P]rivate rights of action to enforce federal law must be created by Congress." Alexander v.

5

> Sandoval, 532 U.S. 275, 286, 121 S.Ct. 1511, 1519, 149 L.Ed.2d 517 (2001). HIPAA contains no express provision creating a private cause of action.
>
> **We decline to hold that HIPAA creates a private cause of action**, see Acara v. Banks, 470 F.3d 569, 571-72 (5th Cir. 2006), or rights that are enforceable through § 1983. [Plaintiff]'s argument that, because HIPAA codifies the constitutional right to privacy, there exists an implied private cause of action under HIPAA is unpersuasive.

Sneed v. Pan American Hosp., 370 F. App'x 47, 50 (11th Cir. 2010) (emphasis added); Bradley v. Pfizer, Inc., 440 F. App'x 805, 809 (11th Cir. 2011) (recognizing that "there is no private right of action for a violation of HIPAA's confidentiality provisions"); Crawford v. City of Tampa, 397 F. App'x 621, 623 (11th Cir. 2010) (stating "that no private right of action exists" under HIPAA). In accordance with this authority, the Court finds that HIPAA does not provide for a private cause of action against Johnson. As such, Defendant's Motion is due to be granted as to Paris's HIPAA claim against her.

### B. Fourteenth Amendment Right to Privacy

Next, the Court turns to Paris's Fourteenth Amendment claim. Paris asserts that Defendant Johnson disclosed his HIV-positive status to Defendants Herring, Battles, and Thompson on July 11th, as a result of Herring's coercion. See Complaint at 6-7. Defendant Johnson asserts that, to the extent Paris's assertions could be construed as a claim for violation of his right to privacy under the Fourteenth Amendment, his claim still fails. See Motion at 4-5. In his Response, Paris maintains that he has a right to privacy concerning his confidential medical information. See Response at 2. In support of his position, he cites Powell v. Schriver, 175 F.3d 107, 112 (2d Cir. 1999), for the proposition that inmates have a right to maintain the confidentiality of their medical information. See Response at 2.

6

It is well-settled that prison inmates do not shed all fundamental protections of the Constitution at the prison gates. See Turner v. Safley, 482 U.S. 78, 95 (1987). Rather, inmates "retain[] those [constitutional] rights that are not inconsistent with [their] status as ... prisoner[s] or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). A regulation that "impinges on inmates' constitutional rights" is therefore valid only if it "is reasonably related to legitimate penological interests." Turner, 482 U.S. at 89. In Harris v. Thigpen, the Eleventh Circuit recognized that "prison inmates, in spite of their incarceration, 'retain certain fundamental rights of privacy.'" 941 F.2d 1495, 1513 (11th Cir. 1991) (citation omitted). However, the Court also noted that "[t]he precise nature and scope" of the privacy right at issue in that case (i.e., the right to privacy in medical records, including HIV status) was "rather ill-defined." Id. At issue in Harris were the policies of the Alabama Department of Corrections' (ADOC) mandatory HIV testing and segregation of inmates, as well as non-consensual disclosure of inmates' HIV-positive diagnoses to other inmates, inmates' families, and other outside visitors. Id. at 1512. The Eleventh Circuit "assume[d] arguendo that prisoners enjoy some significant constitutionally-protected privacy interest in preventing the non-consensual disclosure of their HIV-positive diagnoses to other inmates, as well as to their families and other outside visitors to the facilities in question." Id. at 1513. The Court balanced "the limited personal privacy interests (assuming such exist) of the seropositive inmates, with those legitimate interests that underlie the [A]DOC's decision to segregate such inmates from the general prison population," by considering factors, including but not limited to, whether there was a valid, rational connection between the regulation and a legitimate government interest put forward to

justify it and whether there were alternative means of exercising the asserted constitutional right that remained open to the inmates. Id. at 1515-21.

Here, assuming arguendo that Paris states a plausible Fourteenth Amendment right-of-privacy claim against Defendant Johnson, the claim is due to be dismissed because as explained below Paris is not entitled to the only damages he seeks from Johnson. See Section C. As such, Defendant's Motion will be granted to the extent that Paris's Fourteenth Amendment right-of-privacy claim will be dismissed without prejudice.

## C. Physical Injury Requirement
## 42 U.S.C. § 1997e(e)

Defendant Johnson asserts that Paris is not entitled to compensatory damages under 42 U.S.C. § 1997e(e) because he has not alleged any physical injuries that are more than de minimis resulting from her acts and/or omissions.[4] See Motion at 5-6. In Brooks v. Warden, 800 F.3d 1295 (11th Cir. 2015), the Eleventh Circuit addressed the availability of compensatory and punitive damages as well as nominal damages in suits brought by prisoners under § 1983. The Eleventh Circuit stated:

> The PLRA [(Prison Litigation Reform Act)] places substantial restrictions on the judicial relief that prisoners can seek, with the goal of "reduc[ing] the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Al-Amin v. Smith, 637 F.3d 1192, 1195 (11th Cir. 2011) (quoting Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002)). The section of the Act at issue here, 42 U.S.C. § 1997e(e), reads this way:
>
> > No Federal civil action may be brought by a prisoner confined in a jail, prison, or other

---

[4] Defendant asserts that Paris seeks only compensatory damages. See Motion at 6. In the Complaint, Paris asks "for a combine[d] amount of one-hundred thousand dollars because these officials assisting [him] with his medical emergency acted with deliberate indifference by assaulting [him]." Complaint at 9.

8

> correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act....
>
> This Court has held that § 1997e(e) applies to all federal civil actions, including constitutional claims brought under § 1983. See Harris v. Garner (Harris II), 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)....
>
> In this case, [Plaintiff] did not allege any physical injury . . . . Nevertheless, he sought "compensatory . . . punitive, and nominal damages" from [Defendant]. Under the statute and our caselaw, an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury. See Al-Amin, 637 F.3d at 1198 (punitive); Harris v. Garner (Harris I), 190 F.3d 1279, 1286 (11th Cir. 1999) (compensatory), reh'g en banc granted and opinion vacated, 197 F.3d 1059 (11th Cir. 1999), opinion reinstated in relevant part, 216 F.3d 970. However, we have never had the opportunity in a published opinion to settle the availability of nominal damages under the PLRA. We do today, and we hold that nothing in § 1997e(e) prevents a prisoner from recovering nominal damages for a constitutional violation without a showing of physical injury.

Brooks, 800 F.3d at 1307-08 (emphasis added). Thus, to satisfy § 1997e(e), a prisoner must assert physical injury that is more than de minimis. However, the injury does not need to be significant. See Thompson v. Sec'y, Fla. Dep't of Corr., 551 F. App'x 555, 557 (11th Cir. 2014) (citation omitted); Dixon v. Toole, 225 F. App'x 797, 799 (11th Cir. 2007). In the event an inmate is unable to satisfy this requirement, the Eleventh Circuit has instructed courts to dismiss the inmate's compensatory and punitive damages claims under § 1997e(e) without prejudice to allow the inmate to refile if and when the inmate is released. See Harris v. Garner, 216 F.3d 970, 980 (11th Cir. 2000). Further, consistent with Brooks, despite § 1997e(e)'s limitation, an inmate may still recover nominal damages even if the inmate lacks any physical injury. See Hughes v. Lott, 350 F.3d 1157, 1162

9

(11th Cir. 2003) ("Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages.").

### 1. Compensatory and Punitive Damages

In the Complaint, Paris asserts that he suffered neck pain as a result of Defendants Herring, Battles, and Thompson's assault. See Complaint at 7; Doc. 1-1 at 4. Taking Paris's allegations as true, he is not entitled to seek compensatory and punitive damages because he fails to assert any physical injury that resulted from Defendant Johnson's actions and/or omissions. Paris's assertion, without any allegations of physical injury resulting from Johnson's actions, fails to satisfy § 1997e(e)'s injury requirement. See Thompson, 551 F. App'x at 557 n.3. Thus, Defendant's Motion is due to be granted to the extent that the Court finds Paris's request for compensatory and punitive damages from Defendant Johnson is precluded under § 1997e(e) because he did not suffer any physical injury as a result of her actions and/or omissions.

### 2. Nominal Damages

While nominal damages are available in the absence of physical injury, a plaintiff must actually seek such damages. Indeed, where courts have liberally construed a complaint to include a request for nominal damages or equitable relief, they have done so based on language in the complaint requesting some sort of additional relief ("such other relief as may appear that plaintiff is entitled," or "any other relief the court deems appropriate or just" or similar language). See Boxer X v. Donald, 169 F. App'x 555, 559 (11th Cir. 2006); Smith v. Barrow, No. CV 311-044, 2012 WL 6519541, at *5 (S.D. Ga. Nov. 9, 2012), report and recommendation adopted as modified by, 2012 WL 6522020

(S.D. Ga. Dec. 13, 2012). Here, the Court finds that Paris has not made a request for nominal damages, nor has he included any language which the Court could construe as a request for nominal damages. See Complaint at 9. As such, he is not entitled to seek nominal damages from Defendant Johnson.

Therefore, it is now

**ORDERED**:

1. Defendant Johnson's Motion to Dismiss (Doc. 22) is **GRANTED** to the extent that Paris's HIPAA claim against Defendant Johnson is **DISMISSED** with prejudice, and his Fourteenth Amendment right-of-privacy claim is **DISMISSED** without prejudice to allow Paris to refile if and when he is released. Otherwise, the Motion is **DENIED**.

2. The Clerk shall terminate Defendant Victoria Johnson as a Defendant in the case.

3. The parties are encouraged to discuss settlement, and notify the Court of their efforts **by December 30, 2019**. If the parties settle the case privately among themselves, they must notify the Court immediately.

4. The Court will set deadlines for discovery and the filing of dispositive motions by separate order.[5]

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of November, 2019.

MARCIA MORALES HOWARD
United States District Judge

---

[5] Defendants Jason Carter, Michael Battles, Indiana Thompson, and Jalon Herring filed an Answer (Doc. 21) on July 29, 2019.

sc 11/27
c:
Rhondel Paris, FDOC # 403234
Counsel of Record